IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID DAVIS, ) | |
| ) | Case No. 20-cv-1092 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby gives notice of the removal of the above-captioned case from the Circuit Court for the Tenth Judicial Circuit, Marshall County, Illinois to the United States District Court for the Central District of Illinois. The grounds for removal are as follows:

**A.    INTRODUCTION**

1.    On January 16, 2020, Plaintiff David Davis ("Davis") filed a lawsuit against Wells Fargo in the Circuit Court of the Tenth Judicial Circuit, Marshall County. *See David Davis v. Wells Fargo Bank, N.A.* Case No. 20 L 01 (the "Complaint"). A copy of Davis' state court Complaint is attached hereto as **Exhibit A**.

2.    As shown below, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where: (1) the amount in controversy exceeds $75,000 (excluding costs and interest), and (2) the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**B.    THERE IS COMPLETE DIVERSITY**

3.    Davis is an Illinois domiciliary and citizen. *See, e.g.,* Compl. at p. 2.

4.      Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota.

5.      Thus, for purposes of diversity jurisdiction, Wells Fargo is a citizen of South Dakota. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen only of the state in which its main office is located and not of every state where it has a branch).

6.      Accordingly, complete diversity exists in this action.

**C.    THE ALLEGED AMOUNT IN CONTROVERSY EXCEEDS $75,000**

7.      Under 28 U.S.C. § 1332(a), for diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs.

8.      The amount in controversy in this action exceeds $75,000. Plaintiff seeks a discharge "of both mortgage lien and note" valued at "$550,000" and seeks "compensation" in the amount of "$5,000,000.00.'" *See,* Compl. Verified Affidavit of Injury ¶ 12. And the exhibits to the Complaint state that the debt at issue exceeds $77,000. Compl. at p. 13.

**D.    FEDERAL QUESTION JURISDICTION**

9.      This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, which covers "all civil actions arising under the Constitution, laws, or treaties of the United States."

10.     In the Complaint, Davis asserts a federal claim, as Davis alleges that the claims are brought "pursuant to 50 USC 4305(b)(2)", asserts compliance with Rule 8 of the Federal Rules of Civil Procedure, and purports to assert a claim under the Racketeer Influenced and Corrupt Organizations Act. *See* Comp. 1-2.

**E.    PROCEDURAL COMPLIANCE**

11.     This Notice of Removal was properly filed in the United States District Court for the Central District of Illinois because Davis' state court Complaint is pending in the Illinois Circuit Court of the Tenth Judicial Circuit, Marshall County, which is within this federal judicial district. 28 U.S.C. § 1441(a).

12.     Wells Fargo was served with Davis' state court Complaint on February 10, 2020, and did not previously receive a copy of the Complaint by other means. Accordingly, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(1) (notice of removal "shall be filed within 30 days after the receipt by defendant, through service or otherwise" of the complaint).

13.     As required by 28 U.S.C. § 1446(d), Wells Fargo will promptly file a copy of this Notice of Removal with the Clerk of the Illinois Circuit Court of the Tenth Judicial Circuit, Marshall County, and serve copies of the same on all parties to this action.

14.     By filing this Notice of Removal, Wells Fargo does not waive and expressly reserves any applicable defenses, motions, and pleas, including without limitation lack of personal jurisdiction, res judicata, failure to join an indispensable party, and the sufficiency of Plaintiff's pleadings.

WHEREFORE, Defendant Wells Fargo Bank, N.A. respectfully requests that its Notice of Removal be deemed good and sufficient and for this Court to exercise subject matter jurisdiction over this removed action.

| | |
|---|---|
| Dated: March 9, 2020 | Respectfully submitted,<br>WELLS FARGO<br>BANK, N.A. |
| Kristin Steinkamp<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701-7711<br>*Counsel to Defendant Wells Fargo Bank, N.A.* | By: /s/ Kristin Steinkamp |

**CERTIFICATE OF SERVICE**

I certify that on the 9th day of March, 2020, I served the foregoing **NOTICE OF REMOVAL** on Plaintiff David Davis by sending Plaintiff a true and accurate copy of the same via UPS Overnight Delivery to the following address:

>David Davis
>508 N. Center Street
>Lacon, IL 61540

DATED: March 9, 2020

>s/ Kristin Steinkamp
>Kristin Steinkamp
>ksteinkamp@mayerbrown.com
>Mayer Brown LLP
>71 South Wacker Drive
>Chicago, IL 60606
>Tel: (312) 782-0600
>Fax: (312) 706-8474
>Attorney for Wells Fargo Bank, N.A.