UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1092-JES-JEH |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Wells Fargo, N.A.'s ("Wells Fargo") Motion to Dismiss (Doc. 7) and a Memorandum in Support (Doc. 8). Plaintiff David A. Davis ("Davis") filed a Response (Doc. 10) thereto, which included a Motion to Remand. Defendant Wells Fargo then filed a Response (Doc. 11) to Plaintiff's Motion to Remand. For the reasons set forth below, Defendant Wells Fargo's Motion is GRANTED.

### BACKGROUND

On January 16, 2020, Davis filed this action against Wells Fargo in the Circuit Court for the Tenth Judicial Circuit in Marshall County, Illinois. Doc. 1, at 1. Davis's claims include trespass and breach of contract, among other claims, in which he seeks damages and a "Release / Satisfaction / Discharge of both mortgage lien and note unverified debt." *Id*. at 6-8. On March 9, 2020, Wells Fargo removed this action to the United States District Court for the Central District of Illinois. The grounds for removal were diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question pursuant to § 1331.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether the complaint sufficiently states a claim, courts take well-pleaded allegations in the complaint as true and draw all permissible inferences in favor of the plaintiff. The allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555.

## DISCUSSION

Wells Fargo now moves to dismiss the Complaint in its entirety pursuant to Rules 8, 9(b), 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure. First, Wells Fargo argues the Complaint fails to comply with Rules 8 and 10(b) because it is so unintelligible that it fails to put it on notice of the claims and allegations against it. Doc. 7, at 1. Second, Wells Fargo contends Davis fails to properly state a claim under Rules 9 and 12(b)(6). *Id*.

Rule 8(a) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," along with a statement about the grounds for the court's jurisdiction and a demand for relief sought. Fed. R. Civ. P. 8(a). Defendants must receive "fair notice of the claims against them and the grounds supporting the claims" so they may form a defense to the claims. *Cincinnati Life Ins. Co.* v. *Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013)

(*quoting Standard* v. *Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)). Rule 8(a) "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst* v. *Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires pleadings to have "numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Wells Fargo argues the Complaint fails to put it on notice of the allegations and claims against it because it is "so unintelligible." Doc. 7, at 1. Wells Fargo describes the Complaint as resembling "some sort of brief with a supporting affidavit, containing confusing quasi-legal statements." Doc. 8, at 3. Wells Fargo contends that the Complaint violates Rule 10(b) because the paragraphs are unnumbered and "there is no apparent logical or chronological order," which makes it "impossible to decipher" how the allegations form the basis of any specific claim. *Id.* Finally, Wells Fargo argues the defects in grammar and syntax make it difficult to understand Davis's claims. *Id.*

Davis's Complaint is nearly 28 pages and contains long, confusing paragraphs in which multiple allegations of wrongdoing are stated without a factual basis to support those allegations. *See generally* Doc. 1. Davis's Complaint fails to give a "short, concise, or direct" statement of the allegations as Rule 8 requires. Instead, the Complaint contains little or no support to put Wells Fargo on notice of the factual basis of his claims. While the Complaint includes some numbered paragraphs, it is neither organized nor in chronological order. *Id*. at 6-10. The Complaint is repetitive, and it is unclear what specific conduct is alleged. For these reasons, the Complaint fails to comply with Rules 8 and 10(b) and must be dismissed.

Wells Fargo argues that Davis's allegations are so "muddled" it is unclear what claims he is asserting. Doc. 8, at 4-5. Wells Fargo contends Davis appears to assert claims under 50 U.S.C. § 4305(b), 18 U.S.C. § 1962, common law trespassing, and a breach of contract. Doc. 8, at 5. First, Wells Fargo describes Davis's claim under 50 U.S.C. § 4305(b) as "nonsensical" since it pertains to "certain powers given to the President of the United States allowing the President to restrict certain foreign investments '[d]uring the time of war[.]'" *Id.* (*citing* 50 U.S.C. § 4305(b)). Then, Wells Fargo asserts that nothing in Davis's Complaint identifies "when or how Defendant purportedly interfered with Plaintiff's possession or use" of his property. *Id*. Furthermore, Wells Fargo asserts Davis's breach of contract claim falls short as he fails to identify what contract was breached, how Wells Fargo breached it, or what damages resulted from the alleged breach. *Id.* at 6. Finally, Wells Fargo argues the claim under 18 U.S.C. § 1962 "cannot survive" because it does not meet the pleading standard required by Rule 9(b). *Id*. at 7.

Rule 12(b)(6) allows a party to raise, by motion, the defense that a pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Davis's claim that Wells Fargo violated 50 U.S.C. § 4305(b) cannot survive since that statute pertains to presidential power during time of war and nothing in Davis's Complaint suggests this statute is applicable. Furthermore, the Complaint fails to properly raise a trespass claim as it does not allege how Wells Fargo interfered or subtracted from his possession or use of his property. *Loftus v. Mingo*, 511 N.E.2d 203, 210 (Ill. App. 4th Dist. 1987) (dismissing plaintiff's complaint for failing to show how officer wrongfully interfered with possessory rights); *Geller v. Brownstone Condominium Assoc.*, 402 N.E.2d 807, 809 (Ill. App. 1st Dist. 1980) (dismissing complaint for failing to show how defendant's invasion of air space interfered with plaintiff's use of property). Davis fails to sufficiently allege a claim of contract breach in his Complaint because he does not

allege what contract was breached, how Wells Fargo breached it, or what damages resulted from the breach.

A complaint must include plausible allegations, not speculative, to have a right to relief under the law. *Bell Atlantic*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. To bring a RICO claim under 18 U.S.C. § 1962, Plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Jennings v. Auto Meter Products, Inc.*, 495 F.3d. 466, 472 (7th Cir. 2007). Davis fails to show sufficient allegations of a pattern of conduct or an enterprise as required by the statute. As such, the Complaint fails to state a claim upon which relief may be granted under 12(b)(6) and must be dismissed.

For these reasons stated above, the Complaint will be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure; however, Davis is granted leave to amend his Complaint, consistent with this Order, to cure these deficiencies. An amended complaint should a short and plain statement of the claim showing plaintiff is entitled to relief. The paragraphs of the complaint must be numbered, in a way that promotes clarity, and any attached exhibits must be properly labeled and referenced throughout. Additionally, all allegations must be plausible and with the necessary specificity regarding each claim. The complaint must be read in a way to make defendants aware of what is alleged and the basis for those allegations. Davis will have 21 days from the date of this Order to filed amended complaint in compliance with the rules. Failure to comply will result in dismissal of Plaintiff's suit with prejudice.

Lastly, in his Response to the Motion to Dismiss, Davis moved to remand this issue to the Tenth Judicial Circuit in Marshall County, Illinois. Doc. 10, at 1. If a plaintiff fails to object to a defendant's removal to the forum within 30 days of that removal, the plaintiff waives the right to

raise the objection later. *GE Betz, Inc. v. Zee Co., Inc.,* 718 F.3d 615, 626 (7th Cir. 2013). After a case is removed to federal court, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Davis filed this request on April 21, 2020, which was thirteen days past the statutory deadline to do so. As such, the Court respectfully denies Davis's request for remand as untimely.

## CONCLUSION

For the reasons set forth above, Court GRANTS Defendant's Motion to Dismiss (Doc. 7). Plaintiff David A. Davis is granted leave to file an amended complaint that complies with this Order on or before July 22, 2020. If Plaintiff fails to file an amended complaint consistent with this Order by July 22, 2020, the case will be dismissed.


Signed on this 1st day of July, 2020.

                                        s/James E. Shadid_____
                                        James E. Shadid
                                        United States District Judge